IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>TANYA LYNN BOYD,<br><br>    Defendant. | No. 3:08-cr-0044-JAJ<br><br>**ORDER** |

This matter comes before the court pursuant to a motion filed by defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), seeking a modification of the term of her imprisonment to time served and commencement of a term of supervised release previously imposed.   The Court finds:

1.   Defendant was sentenced on July 16, 2009, in the United States District Court for the Southern District of Iowa, to life imprisonment, followed by a 10-year term of supervised release.  [Dkt. 80] On October 18, 2010, defendant's sentence was reduced to 200 months in prison [Dkt. 99] and, on February 17, 2015, defendant's sentence was again reduced to 178 months, with all other provisions of the judgment to remain in effect. [Dkt. 116]

2.   Defendant claims that she should receive compassionate release under 18 U.S.C. § 3582(c)(1)(A), based on her family circumstances and the COVID-19 pandemic. Defendant claims that her daughter is struggling to arrange child care and that her father "is in questionable health." [Dkt. 130 at 1]

3.   Title 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018 (FSA), Pub. L. No. 115-391, 132 Stat. 5194 (2018), now authorizes the Court to modify a term of imprisonment upon a finding that extraordinary and compelling reasons warrant the reduction.   Compassionate release is not mandatory, even if the court finds an "extraordinary and compelling reason," however.  *See, e.g., United States v. Chambliss*, 948

F.3d 691, 693 (5th Cir. 2020). Instead, whether to grant such a reduction involves a 4-step analytical scheme, considering the following issues in succession: (1) timing or satisfaction of administrative requirements, *see* 18 U.S.C. § 3582(c)(1)(A); (2) extraordinary or compelling reasons, *see id.* at 3582(c)(1)(A)(i); (3) lack of danger to any other person or the community, *see* U.S.S.G. § 1.B.1.13 (applicable policy statement); and (4) § 3553(a) factors, 18 U.S.C. § 3582(c)(1)(A). *Cf. Chambliss*, 948 F.3d at 692-94.

      A.    At the first step, the administrative exhaustion requirement is satisfied [1] if "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or [2] there has been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, *whichever is earlier*." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). Some courts consider this exhaustion requirement to be a claim-processing rule subject to possible equitable tolling, but most consider it jurisdictional or otherwise mandatory. *Compare, e.g., United States v. Smith*, No. 12 CR. 133 (JFK), 2020 WL 1849748, at *3 (S.D.N.Y. Apr. 13, 2020) (exhaustion is non-jurisdictional), *with, e.g., United States v. Lugo*, No. 2:19-CR-00056-JAW, 2020 WL 1821010, at *3 (D. Me. Apr. 10, 2020) (even if the exhaustion requirement was not jurisdiction, it was "both clear and mandatory," so that the court could not read an exception into it); *United States v. Johnson*, No. RDC-14-0441, 2020 WL 1663360, at *3–6 (D. Md. Apr. 3, 2020) (concluding that § 3582(c)(1)(A)'s exhaustion requirement is jurisdictional and, regardless, there are no exceptions to the exhaustion requirement).

      B.    At the second step of the analysis, the defendant must show "extraordinary and compelling reasons" warranting a reduction. Section 3582(c)(1) does not define such reasons. The Sentencing Guidelines do identify such reasons in U.S.S.G. § 1B1.13, cmt. n.1, however. A defendant's family circumstances only constitute "extraordinary and compelling reasons" when defendant has experienced either "(i) The death or incapacitation of the caregiver of the defendant's minor child

or minor children. [or] (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *Id.*

      C.     At the third step, compassionate release is appropriate only where "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]"  U.S.S.G. § 1B1.13(2); *see also United States v. Schmitt*, No. CR12-4076-LTS, 2020 WL 96904, at *5 (N.D. Iowa Jan. 8, 2020) (setting out the § 3142(g) factors).

      D.     If all the preceding requirements have been satisfied, at the fourth step, the court "consider[s] the factors set forth in section 3553(a) to the extent that they are applicable."  28 U.S.C. § 3852(c)(1)(A).  The court must provide reasons for its determination based on consideration of the § 3553(a) factors.  *Chambliss*, 948 F.3d at 693.

  4. Here, defendant satisfied the exhaustion requirement by sending a request for areduction in sentence, which was denied by the warden at FCI Waseca on April 18, 2020. Over 30 days have passed since this denial. [Dkt. 132 at 2, 132-1, at 1].  However, defendant fails to demonstrate that her family circumstances constitute extraordinary and compelling reasons for her release. Defendant has not alleged the death or incapacitation of any family member that would render her eligible for compassionate release based on family circumstances.

      5.     After consideration of all defendant's arguments, the Court concludes that defendant has not satisfied the requirements for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018.

     **IT IS THEREFORE ORDERED** that the defendant's May 18, 2020, Motion for Compassionate Release [Dkt. 130] is denied.

     **DATED** this 11th day of August, 2020.

                                                           JOHN A. JARVEY, Chief Judge
                                                           UNITED STATES DISTRICT COURT
                                                           SOUTHERN DISTRICT OF IOWA